4    463
4    519
30⁺  745
30⁺  746

[No. 444. Decided June 24, 1892.]

A. SCHLAECHTER AND C. F. MYERS, *Respondents*, v. ALLEN J. MILLER AND ANDREW S. MILLER, *Appellants*.

APPEAL—STATEMENT OF FACTS—SUFFICIENCY OF CERTIFICATE.

The certificate of the judge that a statement of facts contains all the evidence, and the instructions asked by the defendant, and those given by the court to the jury, does not meet the provisions of the law requiring the judge to certify that the statement contains all the material facts in the cause or proceeding. (STILES and SCOTT, JJ., dissent.)

*Appeal from Superior Court, Pierce County.*

Motion by respondents to strike the statement of facts.

*Tripp, Town, Likens & Dillon,* for appellants.
*N. C. Richards* and *R. S. Holt,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Respondent moves to strike the statement of facts in this case for the reason that the certificate of the

trial judge to the said statement of facts is not in accordance with law.  The law requires that the judge shall certify that the statement contains all the material facts in the cause or proceeding.  The certificate in this instance is to the effect that the statement contains all the evidence, and all the instructions asked by the defendant, and those which were given by the court to the jury.  It is argued by the appellants that "all the evidence" would include "all the material facts," that the less is included in the greater, and that as the whole includes all the parts, it follows that if it contains all the evidence it contains all the material facts.  While the abstract proposition of appellants certainly cannot be disputed, its application to this case is not apparent.  "All the material facts" is a more comprehensive expression than "all the evidence," as it may embrace the latter, and much more.  The rulings of the court on questions of evidence might be one of the material facts that would not be covered by the certificate that the statement contained all the testimony.  Of course the court will not demand a slavish adherence to the very words of the statute, but if the words of the statute are not used they must be substituted by words which convey substantially the same meaning and embrace every idea that is embraced by the statutory words.  As we have seen, the words used in this certificate fall short of this qualification, and do not inform this court that all the facts necessary to give it jurisdiction are here.  The motion to strike must, therefore, prevail.

As all the questions raised by the appeal would have to be decided by a reference to the statement of facts, it follows that the appeal must be dismissed, and it is so ordered.

Anders, C. J., and Hoyt, J., concur.

Stiles, J. (*dissenting*).—We dissent from the decision of the majority directing the striking of the statement, and

dismissal of the appeal.  The certificate to the statement of facts is as follows:

"I hereby certify the above and foregoing contains all the evidence in the above entitled cause, and instructions asked by the defendant, and those given the jury by the court, and is a *full and true statement* of the case of Schlaechter (U. S. Carriage Co.) against Miller."

We hold that, when the court, in view of an appeal, states that the document presented to him for settlement as a statement of the facts, is a full and true statement of the case, it must be taken to be understood that it is a statement of the case on appeal, and therefore contains all the material facts.

SCOTT, J., concurs.